UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


VICTOR GEORGE LITTLETON          )
      Plaintiff,                 )
                                 )
v.                               )          No.: 3:07-1075
                                 )          Judge Campbell
HOUSTON COUNTY, TENNESSEE        )
      Defendant.                 )


M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Houston County, seeking unspecified relief.

The plaintiff was arrested in Houston County and charged with the theft of a motor vehicle and assault. He complains that the defendant has not yet arraigned him, appointed counsel or conducted a preliminary hearing to resolve the charges in violation of his right to due process.

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the defendant Houston County. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 (1978). In short, for Houston County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged

constitutional violation. <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Houston County that resulted in a delay in his criminal prosecution. Consequently, the plaintiff has failed to state a claim against the defendant.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge